# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
## FELONY DIVISION

STATE OF MINNESOTA,
Plaintiff,

Lower Tribunal Ref. No: CRC13-13456CFANO-CRC13-14706CFANO

v.

SECRETARY, DEPARTMENT OF CORRECTIONS (Pinellas County),
Defendant.

RECEIVED BY MAIL
FEB 01 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

## NOTICE OF REMOVAL

Dispatcher I Can't Breathe:

In the absence of Document 26 the district court jurisdiction de novo to condone and sanction impositional penalties on the remaining Defendant's is rule by the criminal construction from a Supreme Governance. See Fed. R. Evid. 104(b), 28 U.S.C.A. § 1441 et seq. (as removing two agencies the impositional penalty gave notice to the group that by the preponderance of the penalties mandates disqualification and jail term.). To that end the court must grant the remedy sought and enforce jurisprudence evidence of "perjury" to the arraignment committee by police government and licensed prosecution agencies.

SCANNED
FEB 01 2022
U.S. DISTRICT COURT MPLS

Pinellas County District, Complaint:

The trial court, however, sentenced two police government agents to civil fines. The impositional charge are enforceable to its co-defendant's and the seeming disharmony of its result when judged by the enduring series of the barnyard court proceeding impairing the Florida Bar the State of Minnesota brings the complaint here. Note: art. III § 11(a)(7) Fla. Const. The complaint is style RECRIMINATE which involve transaction resulting in embezzlement of more than $1,000 pledge credit that has risen over the preceding due process andresis and this will organize crime in the Sixth Judicial Circuit Court diversion, however visible has a nine-year long history of perjury, a third-degree felony under Florida law.[1] Arthur v. JP Morgan Chase Bank NA 569 Fed. Appx. 669 (11th Cir. Fla. 2014)

6 o'clock am EDT Aug. 10, 2013:

Courts have found the US Government vehicle use to be unlawful and for criminal purpose that include: driving a police cruiser and transport cars and vans back and forth to state or federal financial institutions, buildings and warehouses for maintenance; loading and unloading; transportation and storage of dangerous quantities and measures of cocaine;

---

[1] FLA STAT § 837.021(1)(2013)

commercial or personal tangible items; an office on wheels; ingress and egress criminal contempt that involves defendant's trafficking by the preponderance of the evidence. See 18 U.S.C. § 241 and Fed. R. Crim. P. 41(c) Note: HR Stat 1996-1998 US Comp Stat 1901 p. 1269 subjecting to applicable constitutional limitation. The court concedes that a literal reading of § 775.15 sub section (2)(a)(b)(5) and (6) Fla. Stat. enforces as provided in § 775.082.(3)(d),(3)(a)3.(1)(a) contempt offenses that civil sanction in Fed. R. Crim. P. 42(b) to contradict by its dictum. Sept. 2013 - Jul. 10 2015 Bond Hearing;

In the instant complaint the Presiding Judge perjured by contradictory statements and perjury statements spoken in English by Philip J. Federico which held that dispensing with the rubrics of the preceding due process in September 2013 barred Prosecutor Kate Alexander from charging false positives beyond a removed doubt. Cf. Fla. Const. art v. 20(d)(10) who now stand abolish. Violation of this section that holds likewise are first and third-degree felonies. See e.g. Anderson v. State 669 So. 2d 262 (Fla. 5th DCA 1995)(finding s. 837.021(1) F.S subjecting Philip J. Federico and Kate Alexander to violations of a third-degree felony); § 837.02(1) Fla. Stat (finding Philip J. Federico and Kate Alexander bar credentials sworn

within 100 percent oath subjecting the defendant's to a violation of a third-degree felony); Robinson at 662 8 L.Ed. 2d at 163 (finding 18 U.S.C. § 1656 subjecting county solicitor's to a violation of a first-degree felony). Note: Rep No. Stat 5414 U.S. Comp. Stat 1901 p. 3662 (the court noted twin police government agents civil fine subject to promulgation into the Treasury and this penalty encompass as enforceably by legislative agencies upon members of the bar). Artist Affidavit Aug. 2015 - Today:

The removable attest that the inconceivability of the hypothesized police and judicial agencies - illustrate the dangers to prevent judicial legislation aggravating practice of punishment in the void of the requirement of proof beyond a reasonable doubt - is reason enough to panic that it will not command a bar of disqualification and jail terms. The court also determined further sua sponte that perjury by contradictory statements spoken in English by Alexis James finds her not credible. Congress ratified HR Stat 1996-1998 U.S Comp. Stat 1901 p. 1269 and section 837.021(1) Florida Statute (2013) to commission recrimination impositional charge as a third-degree felony. As the consequence the Chief of Police and Sergeant William Burris having been fine job terminations, fees and cost and elevated to citizens

for the possession of cocaine, lewd or lascivious battery, conceal dangerous quantities and measures of cocaine charged Germaine Harris contradict members of the bar with statements that yield a return of about 99.2% embezzlement over confiscatory vessels of containment estimated thirteen (13) to be counted in 08/10/2015, 8-16-15, 8-19-15, 9-4-13, 9-6-13, August 29 2015, July 26, 2016, July 27 2016 and today the adjudication neither alters the penalty to cover the whole assembly beyond the preponderance of a further penalty mandating a mandatory minimum sentence of 5 years. See the perpetrated crime by 8-112-313 Fla Stat. (2020) with a further declaration in McKinnon v City of Berwyn 750 F.2d at 1391 stringent standard preventing the framers to publish surety bonds warrant judicial agencies employment searchable and seized by United States v Watson 423 U.S 411 (1976), criminal offense in progress perpetrate in the last nine years. This seems well-organize enough; unless for example by the relative slow procedure that put Germaine Harris on notice within a year later of an immediate release as distinctive from a desire by contempt proceedings,

collusion civil fines decisions or nolo contendere about suspending bar credentials to the remaining defendant's to reinstate employment as ruling out two police government official's. Note:

Pub. No. Stat 3414 11.S Comp. Stat. 1901 p.3662, note e.g. act v section 7 (b) forward from Fla Const (1885) rev. ratified 1968 updated (Feb 19 2015.)

The District Court:

Honeywell E.G joined in opinions by Congress expressing the view about construing "impositional" so broadly, supreme interpretations ordering Germaine Harris release of concerted portions that contradict the jury to acquit him from possession of cocaine, conceal violent crime and measures of cocaine and convict him of lewd or lascivious battery. Nevertheless, the preamble cites article III 4.(a)(d) and section 17.(b)(c) Fla Const. a sufficient nexus; the district court in a brief opinion citing Congress concurrence who drafted the authorization jurisprudence approval that Germaine Harris is entitled to immediate release ratified in section 27.16 Florida Statute (2020), United States v Price 383 U.S. 787 (1966) and by a furtherance concurrence ratifying section 837.02(1) Florida Statute (2020) to conceal existing promotions and legislative office by reference inextricably

connected in which the impositional penalty decided continues to be repulsed. See Pub. L. No. 28 United States Code Section 2403. The court reported as "one-off domination" cited cases holding legislators did not mean an alternative punishment of a fine to suffice as an alternative sanction for members of the bar to continue to hold office. The State found Arthur v. J.P. Morgan supra, § 837.021(1) Fla Stat. impaneling of a jury with six (6) votes, and joined by three (3) more concurrence and the withdrawing justice's approval declaring that a two-third of Congress punishment enforce both the full civil and criminal sanctioning of the gravity in classifying criminal offenses that could both lawfully arrest the defendant's. Note: HR Rep. No. 304 80th Cong. 1st Sess 3 (1947) Bar Credentials:

More generally, where available, are an obvious duty to prosecute unlawful promotions of statutory schemes, control violent crime and measures of cocaine circulating in any private or public place felonies wording to back, punishable that commence imprisonment sentence of 5 years.

In sum, the prosecution agency were actually aware and constructively aware by the arrest of the Police Government case and when taken together barred any further effort

to obtain the larger limits by Kate Alexander and Allie Furgate restarting a new commission - all under the bond hearing settlement and by the court upholding objections in the middle of a jury trial sequence signaling a problematic resolution to arrest signature appearance before closing argument. Fla Const art v 20[(d)(10)] quoting Act of May 2 1792 c.28 9, 1 Stat 203 that became compelling. Yet at the same time section 27.16 Fla Stat (2022) are unwilling to disqualify the State Attorney and its Assistant State Attorney Kate Alexander and Allie Furgate over use of Courtroom 7 and its subpoena's to perpetrate a criminal event. The Prosecutor's cannot have it both ways: The Prosecutor are thus in no position to procure and execute impositional charges to the Chief of Police, Sergeant William Burris and imprison Germaine Harris. The impositional charges make sure that the court fine disqualify and impose jail terms to the bar solicitor's - but not to Germaine Harris. (S.d.R.'s concurring [O]ne should remain cognizant of the co-defendant's . . . at arraignment and the type of commission that tend to convict such a charge.). The evidence confiscated from these hearings are the basis of HR Rep No 1828 60th Cong. 2d Sess 1-2 1909. See also the Subcommittee on Improvements in the Criminal Code 57 J. Crim. L C&P S 7 (1966).

The Bar:

The authoring justice's implored the statutory schemes heeding warnings over clause(i) void forensic paperwork and court transcript, clause(ii) dismissal of case in Sept. 2013, clause(iii) police agencies job termination on Aug. 19, 2020 civil penalties off Mar. 11, 2021, clause(iv) void case processed Aug. 30, 2013 dismissed Sept. 2013 went public and private Oct 2013- Today and promulgated furtherance a not guilty judgment that no longer authorized aggregates amount over hourly wage or commission. See e.g. appeal style CASE No. 8:20cv01210-T-36AEP Doc# 26 relax standard Record at p. 170-172 (Mar. 11 2021). Instead, Prosecutor Kate Alexander charg[ed] into bar[red] territory bargaining with the chains in promotions from the clause, conviction, conceal dangerous quantities and measures of cocaine redefined provisions coupled with congress supreme approval undermining an application complaint advertising violation of felonies would include the Executive Cabinet Elected Legislation policemen and policewomen to enforce an arrest of crime and uphold the clause that's telling, for example, observing are going bodily harm and sexual violence between the culpable mens rea from the accusation, including prices of embezzlement of vindicating an armed robbery charge up to premeditating

death to bury his accusation, but the pivot indicator allows for a greater statutory cost by ordering precisely from the link of criminal perjury without additional exposure impairing the Bar. McMillan v Pennsylvania 477 U.S. 100 (1986) is incumbent equally upon political parties assembling in Fla. Const art. v 20.(d)(10) of where section 435. Fla. Stat. and Fed. R. Evid. 103 is a gathering place to commit crime. See 18 U.S.C. 401(3). And the accusation does allow such a loop in logic in High v City of Jacksonville 51 Fla 207 40 So. 1032 ("Mayoral [o]bserve infra the legislative branch of government has a duty to adjudicate criminal activity culminating in perjury.").

What is more, Prosecuting terror expressly set out in Rule 41(a)(2)(D) of the Federal Rules of Criminal Procedures which permit the State with braid[ed] authority to suppress insurrection in Courtroom 7, framing void enactments and void in all its part yields this unremarkable proposition that placing handcuffs on outrageous courtroom tactics is much more the business by Police-Government commencing a criminal construction than it is of an act in congress perpetrating a criminal event. See Pennsylvania 477 U.S. at 100, and generally Rule 41(a)(2)(C)

of the Federal Rules of Criminal Procedure (quoting Fed. R. Crim. P. 41(c)). And see United States 426 U.S. at 416. Of the heighten criminal offense enumerated in the sentencing factor third- degree perjury by contradictory statement and perjury statement as defined in § 837.021(1) Fla Stat and § 837.02(1) Fla Stat subjecting the defindant's to consecutive sentence of 5 years. Kidnapping and aggravated sexual abuse as defined in 18 U.S.C. § 241 are felonies of a capital offense, first-degree offense and second-degree offense subjecting Detective Joseph Gaspir lab.# 15-005958 (transmitted to Colorado P.D and defindant to a fine or a maximum of 10 years or both; or any term of years or life or both; or may be sentenced to death 775.15 (2)(a)(b), (5)(6) punishable as provided in 775.082 (1)(a), (3)(a) 3., (3)(d). Trafficking large quantities of cocaine as defined in 42 Stat. 596 (1922 ed.), e.g. 26 U.S.C. § 4731 subjecting the defindant's to felonies that commence 3 years after the crime is committed. Stolen credit cards and theft that exceeds $1000 as defined in 18 U.S.C. § 656

are felonies of the first-degree subjecting the defendant's to a fine not more than $1,000,000 or a maximum sentence of 30. 775.15 (2)(a) punishable as provided in 775.082 (3)(b)(1). Unlawful placing of bombs as defined in 18 U.S.C. § 924(c) (1968 vrt.) subjecting the defendant's to felonies that commence 10 years after the crime is committed. 775.15(7). Cf. Fla. Const. art. IV § 4.(b).

Consistent sought with civil and criminal penalties [o]bjectionable to a wide variety of bar members statutory schemes that obstruct successor enforcing impositional penalties under the sentencing factor see McKinnon 750 F.2d at 1391; Kalina v Fletcher 522. U.S. 118 (1997) which has clearly sanctioned the stringent standard. Together they remove any doubt: The State intervenes in holding Germaine Harris entitlement to be freed whose duty would be to testify against enumerated crime multiplying by quantity by 5.9 grams of visible cocaine and or 13 vessels of containers appearing to hold more than 11.90 grams of cocaine together with hand guns, stolen credit cards and unlawful placing of bombs supplied[2] to the State Attorney integral part by Alixis

---

[2] $779.90 fee assess x 13 vessels of containers in 7 noticeable dates = $10,900 sequence or seeker profit (pretrial cost, bail billing charge, attorney billing charge restitution liens fines assess omitted)

James perjury by contradictory statements. In a decision joined by Honeywell E.C. enforcing a two-third concurrence stating that approximately the members of the bar extend lines of credit that exceeds $20000 to foregoing signatures. See Webster International Dictionary (2d ed. 1934).

Interrogation:

The Supplemental Memorandum for the State of Minnesota concur further in opposition to Fla. Const. art v 20[(d)(10)] associated in meaning and method with section 27.16 Fla. Stat. (2022) commanding a disqualification in holding that where Prosecution Agency Association Inc. unlawfully assessed to-wit: a clear provision in refining the concept of "42 Stat 596 (1922 oct.), e.g. 26 U.S.C. § 4131, § 863.13 (6)(a) Fla. Stat. (2013), § 800.04 (4)(a) Fla. Stat. (2013), PRISON Id # 312137-D, 18 U.S.C. § 924 (c)(1968 oct.), § 790.01-.06 Fla. Stat. and Congress adopted 18 U.S.C. § 656 to reach under the contrary provision to arrest counterfeit circulating in the vicinity of the Commissioner of Banking and Insurance.

The majority opinion of the Congress at pages 171-172 of document 26 in calling attention to State v Evans 692 So 2d 216 219 (Fla 4th DCA 1997) that sought concerted

would complete joint resolution. And to the fact that disqualification and jail terms contradict thirteen vessels of containment holding statutory cost renders it ambiguous. Pub. L. § 831.021(1) Fla. Stat.

On balance the court also concedes ibid sua sponte that the high end of commissioning a felony synonymous with the aquittal of "possession of cocaine" and the conviction of "lewd or lascivious battery" cannot be a simultaneously duty to begin a Fla. R. Crim. P. 3.800 or 3.850 when half of the group is penalized under contradictory resolution. State v Parnell 221 So. 2d 129, 131 (Fla 1969)(holding the removal complaint against defendants although couched entirely in embezzle charge, truly accuse intentional perjury within the meaning of commission a felony); § 831.021(1) Fla Stat (2013)("[W]recking alone in one or more official proceeding willfully makes two or more material statements under oath which contradict each other commits a felony of the third-degree"); Robinson v California 661 U.S. 370 (1962)(holding de-facto under-charge takes up where the void process leaves off with neither presumptions nor overlapping of such police government's ordinance.).

Arrest: 10 o'clock am Criminal Justice Center:

Evidence indicate that the trial bench is in visible possession of a 11.80 gram package containing a cocaine base a C,GC-MS,TLC mixture and unlawful collective bargaining appearing to hold more than a 11.80 gram package containing cocaine, a cocaine base and C,GC-MS,TLC mixture together with hand guns, stolen credit cards and unlawful placing of bombs, and according with Pinellas County Circuit Court file clerk KAREN KIRCHMAN (record dept.) Prosecutor Kate Alexander, Allie Fugate and Kelly McCabe Esquire dispute hypothetical conjectures in the absence of forensic document that call for an intervening agency by those records that has never been seen or filed with the Court. In Fla. Const. art. v § 20 (c)(10) that involves conspiracies by the Prosecutor's presumptions of divisibility elements which margin incumbent equally on perjury statements subjecting defendant's to a mandatory minimum sentence of five years. Further, the package was measured as to no state or federal tax stamp affixed to the packages and the Forensic Lab Expert did not testify. Arthur v JP Morgan Chase Bank NA 519

Fed. Appx. 669 (11th Cir. Fla. 2014)

Today the Court holds that police and judicial agents may not only succumb to rescinding their badges of authority for crime with which the Chief of Police and Sergeant William Burns are civil fine for but may also enforce state legislatures authority to rescind all badges that incumbent equally upon the crime of perjury so committed — i.e. the prohibited activity which subjects Alexis James and Florida Bar members to criminal sanctions — is the element of the crime which the proof is by the preponderance of adjudging the civil fine. Pub. L. S. 932.21(8) Fla. Stat. (2022). That is to say the remaining defendant's be REMOVED holding office and that Germaine Harris be IMMEDIATE RELEASE from said detention or imprisonment in Florida penitentiary and that Germaine Harris receive the CRIMESTOPPER REWARD and he prays that he may be forth with brought before the court upon an arraignment committee to do, submit to, and WITNESS processing the paperwork to file criminal charges.

Germaine Harris
Witness